DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Boris Bryskin, appeals from the trial court's finding that he negligently operated his motor vehicle. We affirm.
At approximately 8:30 a.m. on September 21, 1993, Bryskin was driving his red 1993 Toyota Tercel northbound on Route 57 on his way to work. Plaintiff-appellee, Lisa Maletz, was driving her white 1981 Pontiac Bonneville northbound on the same stretch of Route 57 in Elyria just north of the Chestnut Ridge intersection. Maletz's then two-year-old daughter was in the back in a car seat, and Maletz's then ten-year-old brother-in-law was in the passenger seat. Maletz was taking her brother-in-law to the dentist.
As both vehicles approached the intersection of Route 57 and East Broad Street, Bryskin's Tercel was traveling at approximately forty-five m.p.h. in the center lane. Maletz's Bonneville was moving at approximately thirty-five m.p.h. in the right lane. This stretch of Route 57 has a left turn lane and a speed limit of 50 m.p.h. A truck was traveling at approximately thirty-five m.p.h. behind Maletz's Bonneville in the right lane. The light at the intersection was green.
Bryskin's Tercel cut into the right lane as he attempted to make a right turn onto East Broad Street from the left lane. Bryskin did not use his right signal. Maletz locked her brakes, and the front of her Bonneville hit the back of Bryskin's Tercel. Bryskin's Tercel crossed East Broad Street and hit a guardrail. Maletz's Bonneville was hit from behind by the truck and was pushed into the guardrail. Maletz, Maletz's daughter, and Bryskin sustained injuries.
Maletz filed a complaint against Bryskin for negligence, and Bryskin responded with a counter-claim against Maletz for negligence. After a bench trial, the trial court determined that Bryskin was negligent.
Bryskin timely appeals the judgment of the trial court and raises one assignment of error.
 ASSIGNMENT OF ERROR
The trial court erred in ruling that the defendant/appellant was negligent in the operation of his vehicle, as said ruling is against the manifest weight of the evidence.
Bryskin contends that the trial court erred because its finding of negligence by Bryskin was against the manifest weight of evidence. We disagree.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence." Vogel v. Wells (1991), 57 Ohio St.3d 91, 96, quoting C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus; Chemical Bank of New York v. Neman (1990),52 Ohio St.3d 204, 207-08; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. A trial court maintains broad discretion to assess the credibility of witnesses and the weight to be given to the evidence. Ostendorf-Morris Co. v. Slyman (1982), 6 Ohio App.3d 46,47; Crull v. Maple Park Body Shop (1987), 36 Ohio App.3d 153,154. An appellate court must presume that the trial court's findings are correct. Seasons Coal Co., Inc. v. City ofCleveland, 10 Ohio St.3d at 80. Absent extreme circumstances, an appellate court will not second guess determinations of weight and credibility. Sykes Construction Co. v. Martell (Jan. 8, 1992), Summit App. Nos. 15034/15038, unreported, at 19.
Maletz claimed that Bryskin negligently operated his vehicle. Bryskin asserted as a counter-claim that Maletz was negligent pursuant to R.C. 4511.21(A).
"It is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." Menifee v.Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. R.C.4511.21(A) provides:
 No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.
The above rule does not apply when the "assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, and in his path or line of travel of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith." Motorists Mutual Ins. Co. v. Peck
(1964), 6 Ohio App.2d 220, 223.
At trial, diagrams of the scene and photographs of the vehicles were admitted into evidence. Maletz and Bryskin were the only two witnesses presented at trial. Bryskin testified that he had moved into the right lane and drove northbound in the right lane before initiating the right turn onto East Broad Street. He also suggested that Maletz was looking to the right and not paying attention. Maletz testified that she was driving straight ahead in the right lane when Bryskin's Tercel cut across from the center lane to make a turn onto East Broad Street. She stated that Bryskin's Tercel's right turn signal never came on. She further declared that Bryskin's car never traveled northbound in the right lane.
Based on the foregoing, we conclude that there was competent, credible evidence to support the trial court's finding of negligence on the part of Bryskin. Bryskin's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY
FOR THE COURT
REECE, J.
DICKINSON, J.
CONCUR