MENIFEE, ADMX., APPELLANT, *v.* OHIO WELDING PRODUCTS, INC.
ET AL., APPELLEES.

[Cite as Menifee *v.* Ohio Welding Products, Inc. (1984),
15 Ohio St. 3d 75.]

(No. 84-281—Decided December 31, 1984.)

76

*Waite, Schneider, Bayless & Chesley Co., L.P.A.,* Mr. Stanley M. Chesley and *Mr. Kenneth G. Hawley,* for appellant.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Edward R. Goldman,* for appellee Ohio Welding Products, Inc.

*Bloom & Greene Co., L.P.A., Mr. Gordon C. Greene, Mr. Michael D. Eagen* and *Mr. Lawrence A. Flemer,* for appellees A. L. Miller and A. L. Miller Plumbing, Inc.

*Messrs. Wood & Lamping* and *Mr. Robert G. Burkhart,* for appellee J & F Harig Company.

*Strauss, Troy & Ruehlmann Co., L.P.A., Mr. Douglas G. Cole* and *Mr. Alan C. Rosser,* for appellees KZF Incorporated and Peck, Hannaford & Briggs Company.

*Messrs. Benjamin, Faulkner, Tepe & Sack, Mr. Robert H. Sack* and *Mr. Thomas R. Yocum,* for appellee Cooper Industries, Inc.

*Messrs. McIntosh, McIntosh & Knabe* and *Mr. Thomas A. Mack,* for appellee Highway Rental Equipment Company, Inc.

HOLMES, J. The issue presented is whether summary judgment in favor of appellees was proper on the theories of negligence and strict tort liability. For the reasons set forth below, we affirm the appellate court's ruling.

The crux of appellant's negligence argument is that it was foreseeable by appellees that the air supply system would be used by General Electric for breathing purposes. Appellant contends that due to the alleged

foreseeable use of the system, a duty arose on the part of appellees to inquire of General Electric as to the system's contemplated use. Thus, argues appellant, appellees would have a duty to prevent any and all foreseeable injuries arising from such use.

It is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom. *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125 [47 O.O.2d 282]; *Feldman* v. *Howard* (1967), 10 Ohio St. 2d 189 [39 O.O.2d 228]. The existence of a duty depends on the foreseeability of the injury. *Ford Motor Co.* v. *Tomlinson* (C.A. 6, 1956), 229 F. 2d 873 [59 O.O. 345]; *Gedeon* v. *East Ohio Gas Co.* (1934), 128 Ohio St. 335.

The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. *Freeman* v. *United States* (C.A. 6, 1975), 509 F. 2d 626; *Thompson* v. *Ohio Fuel Gas Co.* (1967), 9 Ohio St. 2d 116 [38 O.O.2d 294]; *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31 [41 O.O. 117]. The foreseeability of harm usually depends on the defendant's knowledge. *Thompson, supra.*

In determining whether appellees should have recognized the risks involved, only those circumstances which they perceived, or should have perceived, at the time of their respective actions should be considered. Until specific conduct involving an unreasonable risk is made manifest by the evidence presented, there is no issue to submit to the jury. *Englehardt* v. *Philipps* (1939), 136 Ohio St. 73 [15 O.O. 581]; Prosser & Keeton, Law of Torts (5 Ed. 1984) 169, Section 31. Although each appellee raises various arguments in its defense, they all stand on one common ground: General Electric was the only entity with the knowledge required to prevent the decedent's injuries. It was clearly established by the parties before the trial court that only General Electric knew that the compressed air was going to be used for breathing purposes. In fact, General Electric represented to the appellees that the compressed air was going to be used to power air tools. Therefore, in the absence of the requisite knowledge, appellees could not have foreseen or reasonably anticipated the decedent's injuries and, as a matter of law, cannot be held liable for negligence. *Johnson* v. *Kosmos Portland Cement Co.* (C.A. 6, 1933), 64 F. 2d 193; *Hetrick* v. *Marion-Reserve Power Co.* (1943), 141 Ohio St. 347 [25 O.O. 467].

Addressing her theory of strict tort liability, appellant argues that appellees may be held liable not only where the use of their product was one that was intended, but also where the use of the product for one specific purpose, among other conceivable uses, was, or should have been, perceived by the manufacturer. In support of this proposition, appellant argues that evidence was submitted to the trial court, by way of affidavit and deposition, that air compressors are commonly used in industry to supply breathing air. Appellant further contends that such use of these air

compressors has been the subject of articles in industry and trade journals, and that this particular use is governed by safety standards established by the Occupational Safety and Health Administration and the American National Standards Institute. Accordingly, appellant argues that issues of liability have been raised pursuant to the principles of Section 402(A) of 2 Restatement of the Law 2d, Torts (1965) 346-347.

Even assuming that all of the appellees could be held responsible for the production, or the functioning, of the product in question, the facts before us do not permit a finding of strict tort liability. The design of a product cannot be held defective or unreasonably dangerous under Section 402(A) of the Restatement of Torts 2d unless the product is being used in an intended or reasonably foreseeable manner. *Leichtamer* v. *American Motors Corp.* (1981), 67 Ohio St. 2d 456 [21 O.O.3d 285]. Furthermore, a manufacturer need not anticipate all uses to which its product may be put, nor guarantee that the product is incapable of causing injury in all of its possible uses. *Lonzrick* v. *Republic Steel Corp.* (1966), 6 Ohio St. 2d 227 [35 O.O.2d 404]. See, also, *Strimbu* v. *American Chain & Cable Company, Inc.* (C.A. 6, 1975), 516 F. 2d 781; *Shumard* v. *General Motors Corp.* (S.D. Ohio 1967), 270 F. Supp. 311 [41 O.O.2d 345]; *Jones* v. *White Motor Corp.* (1978), 61 Ohio App. 2d 162 [15 O.O.3d 292]; *Oropesa* v. *Huffman Mfg. Co.* (1965), 9 Ohio App. 2d 337 [38 O.O.2d 390].

In the case *sub judice*, appellees were told that the air system was to be used to generate power for air tools within the grit blast building. The system, including the air compressor, was specifically designed for this purpose. Appellant has failed to produce any evidence which would lead us to believe that appellees could have reasonably anticipated that the air system was intended for breathing purposes. Therefore, appellees are entitled to summary judgment as a matter of law on this issue. Cf. *King* v. *K. R. Wilson Co.* (1983), 8 Ohio St. 3d 9.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

CELEBREZZE, C. J., and W. BROWN, J., concur in judgment only.