I respectfully dissent from the majority opinion.
On July 6, 1995, Mrs. Lanier was assisting her friend, Mrs. Francis Ravitz, into the appellee's surgery facility located on Green Road. On the day of the accident, Mrs. Lanier and Mrs. Ravitz both exited the vehicle from the passenger side, Mrs. Lanier from the front and Mrs. Ravitz from the rear. Mrs. Lanier assisted Mrs. Ravitz in exiting the vehicle and then held her right arm in order to assist her in walking. The two women walked around the rear of the vehicle at which time the appellant fell into a depression in the pavement. This depression is described in the deposition by the appellee's counsel as a depression, hole or cracking in the parking lot surface (Depo. T. 38) and by the appellant as cracked and broken and depressed (Depo. T. 44).
Mrs. Lanier stated that as the two women were walking, she was looking toward the building. The depression or hole in the parking lot was "not too far" from the rear of the vehicle (Depo T. 42, 43) and only a few steps had been taken before she fell.
The following questions were asked by the appellee's counsel:
Q. What was it that actually caused you to fall?
A. The sudden drop.
Q. What do you mean by; the sudden drop?
A. The depression in the sidewalk.
* * *
Q. Did your foot go into this depression?
A. Yes, suddenly and then I went forward.
Q. Did you fall forward?
A. Yes.
Q. How did you land?
 A. On my shins, because the side of the depression was at knee height.
(Depo. T. 43).
Counsel also inquired:
 Q. Now, explain to me why it is when you walked from behind the car toward this depression that you didn't see it?
A. Because I was busy holding her.
 Q. Had you looked down you could have seen this —
Mr. Trivers: Objection
Q. True?
 A. Probably. Might have. Because the cement was all the same color. So you couldn't determine too easily the level of it.
 Q. I understand that it's a pretty obvious situation.
 A. If I was walking without helping her it probably would have been obvious.
* * *
 Q. Let me ask the question again. Under normal circumstances if you are walking in this parking lot and looking, this is something that was readily observable; true?
Mr. Trivers: Objection
A. Possibly.
Q. Why do you say possibly?
A. You don't always look down.
Q. If you looked down, you would have seen it?
 A. I assume the parking lot to be level, you don't usually find a gully in a parking lot.
Q. If you looked down?
A. If I hadn't been helping her.
Q. If you looked down —
A. Yes.
Q. — you would have seen it?
A. Possibly.
(Depo T. 45-46.)
The appellant sets forth one assignment of error, arguing that there is a question of material fact as to what a reasonable person should have observed under the circumstances. The appellant points out that in her deposition testimony she did not unequivocally state that her view was obstructed by Mrs. Ravitz, but rather, stated only that the depression or hole was difficult to differentiate because it was the same in color to the rest of the parking lot and that she might have seen the defect if she had not been helping her friend. In essence then, the appellant asserts that the defect in the parking lot was not such an open and obvious danger that a similarly situated, reasonable and prudent person would have observed the defect.
Recently, the Supreme Court reiterated that in order to establish actionable negligence, the plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. Texler v. D.O. SummersCleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677 (Amount of contributory negligence, if any, of plaintiff who walked into a door propped open across sidewalk by a bucket containing concrete blocks is an issue left for the jury to resolve.) InTexler, a case which the majority blithely ignore, the Supreme Court also reaffirmed the proposition that the existence of a particular party's duty depends on the foreseeability of the injury. Id.
The test to be used then, is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act.Texler citing to Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75. The Texler court cited to Grossnickle v.Germantown (1965), 3 Ohio St.2d 96, for the proposition that a pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward. Perhaps more importantly, in Texler, supra, the courtindicates that it continues to hold that the question ofwhether the contributory negligence of a plaintiff is theproximate cause of the injury is an issue for the jury todecide pursuant to the modern comparative negligence provisionsof R.C. 2315.19(A)(1).
In Lovejoy v. Sears, Roebuck Co. (June 19, 1998), Lucas App. No. L-98-1025 the court cited to Diehlman v. Braunfels
(Aug. 1, 1997) Lucas App. No. L-96-357 for the proposition that when a surface and the object on which a person falls are the same color, a genuine issue of fact exists as to whether the object is open and obvious.
In the case sub judice, the majority determined that the appellant failed to meet her burden based upon pictures attached as evidence. The majority concludes that the photos of the parking lot depict the hole as the kind within the classification of a minor imperfection — one reasonable to be anticipated on a traveled surface. I believe that determination is one for a jury to decide, since other photographs clearly depict a substantial defect and the appellant testified: 1) there was a sudden drop; 2) that the depression was of knee height; and, 3) that the cement was all the same color making it difficult to determine the level of the defect. When construing the evidence most strongly against the appellee, reasonable minds could differ as to the proper distribution of negligence between the parties. Under Texler, supra, this precept is sufficient to surmount a motion for summary judgment.
The appellant's assignment of error should be well taken and judgment should be reversed and remanded.