[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In March 1999, plaintiff-appellant Elizabeth Bley filed a medical-malpractice suit against The Christ Hospital, Professional Radiology, Inc., University Emergency Physicians, Inc., and Donna Shalala. Professional Radiology, Inc., was dismissed on August 29, 2000. In her complaint, Bley alleged that The Christ Hospital and University Emergency Physicians, Inc., had been negligent in rendering emergency services to her. She also asserted a subrogation claim on behalf of Donna Shalala, United States Secretary of Health and Human Services. Following a trial, the jury found in favor of the defendants, and the action was dismissed. Bley filed a timely appeal on January 26, 2001. On March 2, 2001, The Christ Hospital was dismissed with prejudice.
In her sole assignment of error, Bley contends that the trial court erred by incorrectly charging the jury on the issue of "foreseeability." We disagree.
The disputed jury instruction read as follows:
 Foreseeability. In determining whether Dr. Keefe [an agent of Emergency Physicians, Inc.] used the ordinary care for a person practicing in his specialty, you will consider whether the Defendant should have foreseen, under the surrounding circumstances, that the natural and probable result would cause some injury.
 * * * The test [for foreseeability] is whether, in light of all the circumstances, a reasonably prudent person would have anticipated that injury was likely to result to someone from the performance or nonperformance of the act or acts.
 While it is uncontested that the jury instruction substantially complied with the definition provided in the Ohio Jury Instructions ("OJI"), Bley contends that the instruction on foreseeability does not adequately comport with the law in Ohio because the definition given required proof that the defendant acted recklessly or intentionally to be guilty.
In order to establish actionable negligence below, Bley had to demonstrate the existence of a duty, a breach of that duty, and an injury proximately caused by the breach.[1] The Ohio Supreme Court has stated that "the test for forseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act."[2]
Although Bley contends that the forseeability instruction misled the jury into believing that actionable negligence required some proof of recklessness or intentional action, we do not agree. Bley points toNeedham v. Gaylor,[3] where the Second Appellate District stated that the trial court had issued an improper jury instruction forseeability because the instruction required forseeability of harm to be a determinative factor. In this case, the court did not mislead the jury into making the forseeability of harm a determinative factor; rather the court required forseeability that harm was likely to result from the performance or nonperformance of an act. Moreover, the jury instruction adhered to the Ohio Supreme Court precedent in Menifee, supra. Because the instruction properly set forth Ohio law as expressed by the Ohio Supreme Court, we overrule Bley's sole assignment of error. The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77, 472 N.E.2d 707, 710.
[2] Id.
[3] (Sept. 20, 1996), Montgomery App. No. 14834, unreported.