OPINION
{¶ 1} Plaintiff-appellant Connie S. Daniels appeals from a summary judgment rendered against her on her claim for damages for personal injuries resulting from a house fire. Connie Daniels contends that the trial court erred in awarding summary judgment because it erroneously determined that she was not a foreseeable plaintiff and that her injuries were not foreseeable. We agree. For the reasons set forth below, we find that the trial court improperly rendered summary judgment and we reverse the judgment of the trial court.
 I {¶ 2} In 1994, Dale Wilson and Mitze Daniels purchased a house in Dayton, Ohio.
 {¶ 3} The one-story house had a utility room measuring approximately seven feet by seven feet. The utility room contained a furnace, hot water heater, air conditioner and some miscellaneous items, including several aerosol paint cans. The room also was the access point for the house attic. Entry into the attic required the use of a step-ladder. Due to problems in their relationship, Wilson and Mitze Daniels decided that she would move out of the house. On August 30, 1998, Mitze Daniels was in the process of moving her belongings out of the house, when her mother, Connie Daniels, stopped by to see if she needed help. At some point, Mitze Daniels asked Wilson to retrieve the remainder of her belongings that were stored in the attic. Wilson went to the utility room and climbed into the attic while Mitze and Connie exited the house, carrying a final load of Mitze's belongings to her vehicle.
 {¶ 4} In the meantime, Dale gathered the items in the attic that belonged to Mitze, and moved them to the edge of the attic opening so that he could bring them down by reaching up from the step-ladder below. One of the first items he moved was a folding high chair that had been given to Mitze by a friend. While moving the high chair, Dale noticed that one of the legs fell off and fell to the floor below the opening. He then moved the remaining few items to the opening. Dale subsequently realized that he was trapped in the attic by fire from the room below. He eventually was able to force his way out by jumping up and down on the attic floor until he fell through and landed in the bedroom.
 {¶ 5} As Mitze and Connie walked back toward the house, Mitze stated that she heard the house smoke alarm. Upon entering the house and noticing smoke, Mitze attempted to retrieve a fire extinguisher. Connie then told Mitze that they needed to leave the house. As Connie turned and opened the door, flames billowed toward her and burned her arm and leg. Connie did not realize that she had been burned until after she exited the house.
 {¶ 6} Connie filed suit against both Dale and Mitze.[1]
Following discovery, Dale and Mitze filed motions for summary judgment. In her response, Connie argued that Mitze and Dale were both negligent for storing the paint cans in the utility room, and that Dale was also negligent for failing to act, or warn her, after he knew that the high chair leg had pierced a paint can.
 {¶ 7} In rendering summary judgment in favor of Mitze and Dale, the trial court based its decision on a finding that the act of storing the paint cans in the utility room was "but one link in the chain of events leading to Connie's injury," and that it "in no way could be the proximate cause of [her] injuries," because a reasonable and prudent person "could not have foreseen that the intervening events would eventually lead to injury." The trial court further found that "it is not reasonable to believe that Dale could have reasonably foreseen that the leg on the high chair was loose, that it would fall through the opening in the precise manner to pierce the paint can, that the paint would be ignited by the flame on the water heater, and that Connie would be injured by the resulting fire." The trial court thus found that Connie was not a foreseeable plaintiff, that her injuries were not reasonably foreseeable, and that the defendants therefore neither owed, nor breached, a duty of care to her. Although advanced as an argument in the motions for summary judgment, the trial court did not reach the issue of whether Connie's claims were barred by her assumption of the risk or the doctrine of open and obvious hazard. From the summary judgment rendered against her, Connie appeals.
 II {¶ 8} Connie's sole Assignment of Error is as follows:
 {¶ 9} "The trial court erred in sustaining defendants' motions for summary judgment."
 {¶ 10} Connie contends that the trial court should not have rendered summary judgment against her because she established genuine issues of material fact with regard to whether she was a foreseeable plaintiff and whether her injuries were foreseeable.
 {¶ 11} We review the appropriateness of summary judgment de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588,641 N.E.2d 265, citation omitted. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor SoccerClub, Inc., 82 Ohio St.3d 367, 369-70, 1998-Ohio-389. With this standard in mind, we address Connie's sole assignment of error.
 {¶ 12} In order to establish actionable negligence, Connie must show that: (1) Mitze and Dale owed a duty to conform their conduct to a standard of ordinary care; (2) Mitze and Dale breached that duty; and (3) the breach proximately caused an injury to Connie. Texler v. D.C. SummersCleaning Shirt Laundry Co., 81 Ohio St.3d 677, 681, 1998-Ohio-602.
 {¶ 13} In this case, there does not appear to be a dispute that Connie was a social guest of Mitze and Dale. A social guest is a person who enters the land of another under an actual invitation, either express or implied, extended by the host. Williams v. Cook (1999),132 Ohio App.3d 444, 725 N.E.2d 339. The duty owed to a social guest is to exercise ordinary care not to cause injury to the guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and to warn the guest of any condition of the premises that is known to the host and that a person of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know, and will not discover, the dangerous condition. Scheibel v. Lipton
(1951), 156 Ohio St. 308.
 {¶ 14} Defining a particular defendant's common-law duty generally "`depends on the foreseeability of the injury.'" Texler, supra at 680 (quoting Menifee v. Ohio Welding Products, Inc., 15 Ohio St.3d 75, 77). In determining the foreseeability of an injury, courts should consider "whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." Menifee, 15 Ohio St.3d at 77. "Injury is foreseeable if a defendant knew or should have known that its act was likely to result in harm to someone." Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642, 645,1992-Ohio-42.
 {¶ 15} "For an act to be the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of such act." Titus v. Dayton Bd. of Edn. (Jan. 28, 2000) Montgomery App. No. 17920.
 {¶ 16} In this case, there is evidence, in the form of an affidavit of the fire investigator, that the mere act of storing flammable aerosol cans in the small utility room was "dangerous and unsafe" because aerosol cans "are very flammable in nature." We conclude, given the proximity of the aerosol paint cans in the small utility room to a water heater with a flame, and the "very flammable" nature of the aerosol cans, that a reasonable juror, based upon the evidence presented and in light of common, everyday experience, could find that Dale and Mitze knew, or should have known, that there was a danger that a fire could occur as a result of the contents of the cans, and their vapors, coming into contact with the flame. Although the issue is close, we conclude that the likelihood of the vapors from the contents of an aerosol can coming into contact with the fire, as a result of a loss of integrity of the can, was of sufficient magnitude to make the resulting fire a natural and probable consequence of storing the cans in close proximity to the water heater. Accordingly, we conclude that the trial court erred in finding that there is no genuine issue of material fact, and that Dale and Mitze are entitled to judgment as a matter of law, upon Connie's claim for negligence based on the storing of the aerosol cans in proximity to the water heater.
 {¶ 17} We also find that the evidence creates a genuine issue of fact with regard to whether Dale was individually negligent. There is evidence in the record upon which a reasonable juror could find that Dale, despite his protestations otherwise, was aware that the high-chair leg fell off, that it fell through the attic opening and hit one of the aerosol paint cans, that he heard the can being pierced and expelling its contents, and that he failed to take any action except to continue to move items in the attic. The record does not reveal how much time passed between these events and the start of the fire. However, in determining the correctness of a decision to grant summary judgment, we must construe the evidence in Connie's favor and find that Dale had an opportunity either to act to prevent the fire or to warn Connie, and that it was foreseeable that Connie could be injured as a result of Dale's failure to act.
 {¶ 18} Based upon the evidence presented, when viewed in a light most favorable to Connie, we conclude that the trial court erred in finding that the fire was not foreseeable and that Connie was not a foreseeable plaintiff with foreseeable injuries. Therefore, we conclude that the trial court erred in rendering summary judgment against her.
 {¶ 19} We also address the argument raised by Dale and Mitze that we should affirm the trial court's decision because Connie's claims are barred by the doctrines of open and obvious hazard and assumption of the risk. Specifically, they argue that the fact that the house was on fire rendered it an open and obvious danger, and that they therefore had no duty to warn Connie of the hazard. They also argue that Connie assumed the risk when she re-entered the house because she knew, or had constructive knowledge, that it was on fire.
 {¶ 20} Again, when the evidence is viewed in a light most favorable to Connie, we cannot say that no reasonable mind could conclude otherwise than that the risk was open and obvious to Connie when she re-entered the house. Connie denied that she was aware that the house was on fire when she re-entered it. Connie testified that although Mitze asked her if she heard the smoke detector alarm, she did not hear it. Nowhere in the record does Connie admit that she heard Mitze state that the house was on fire, or that she was aware that it was on fire. Connie also testified that although she heard Mitze's comment about the alarm, she also knew that sometimes these alarms sound in the absence of fire. Additionally, there is evidence that once Connie became aware that the house was on fire, she attempted to exit. Therefore, any issues regarding these doctrines must be presented to the jury for a factual determination.
 III {¶ 21} The sole Assignment of Error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings
FAIN, P.J., and GRADY and YOUNG, JJ., concur.
[1] Connie's husband also made a claim for loss of consortium, and United Health Care intervened seeking repayment of medical payments it had made on Connie's behalf.