[Cite as *Harris v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-5451.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD E. HARRIS, II

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

    Case No. 2009-06982-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** 1) Plaintiff, Ronald E. Harris, II, an inmate incarcerated at defendant's Chillicothe Correctional Institution (CCI), filed this action alleging three separate causes of action involving property loss and damage.

**{¶ 2}** 2) Initially, plaintiff claimed he did not receive his mail from the CCI mailroom. Plaintiff did not place a value on the alleged undelivered mail.

**{¶ 3}** 3) Plaintiff claimed that at sometime in December 2008 his locked locker box was broken into and his gym shorts were stolen. Plaintiff asserted defendant should bear liability for the loss of his gym shorts and the damage to his lock. Plaintiff requested $26.00, the stated replacement cost of the gym shorts and lock.

**{¶ 4}** 4) In another matter, plaintiff contended his sweat shirt was lost on or about February 22, 2009, while under the control of CCI staff. Plaintiff explained he was transferred to a segregation unit on that date and his personal property was packed and delivered into the custody of CCI personnel for storage. Plaintiff contended his sweat shirt was removed from storage and presumedly lost. Plaintiff requested damages in the amount of $20.00 for the loss of his sweat shirt.

**{¶ 5}** 5) Plaintiff also requested an additional $50.00 for legal fees and emotional distress. Legal fees are not compensable in a claim of this type. Damages for emotional distress are not compensable in a claim involving property loss. These claims are denied and shall not be further addressed. Plaintiff's damage claim is limited to $46.00. Payment of the filing fee was waived.

**{¶ 6}** 6) Plaintiff submitted documentation showing he purchased two sweat shirts and two pairs of gym shorts through mail order on November 18, 2008. The purchase price of a sweat shirt was $14.05. The purchase price of a pair of gym shorts was $8.55. Plaintiff submitted a copy of his "Inmate Property Record" (inventory) dated February 22, 2009. Two pairs of gym shorts are listed on the inventory. No sweat shirts are listed.

**{¶ 7}** 7) Defendant denied liability for all claims forwarded by plaintiff. Defendant asserted plaintiff has failed to produce evidence to establish his property was lost, stolen, or not delivered to him as a proximate cause of any negligent act or omission on the part of CCI personnel. Defendant denied exercising control over plaintiff's sweat shirt incident to packing his property on February 22, 2009. Defendant asserted "proper procedures were being followed" in regard to distributing plaintiff's mail. Defendant denied the mail in question was "delayed or mishandled." Defendant acknowledged plaintiff reported in December 2008 that his shorts were stolen. Defendant pointed out plaintiff claimed the gym shorts were sent to the institution laundry in a laundry bag and were not among the returned laundered items. Defendant noted a fruitless search was conducted for the gym shorts. Defendant submitted a copy of an "Inmate Property Theft/Loss Report" (Theft report) filed incident to plaintiff reporting the theft of his gym shorts on December 5, 2008. According to the Theft report record, plaintiff's gym shorts were "tied up in (a) laundry bag" and were not among the items returned in the tied bag. Defendant related "[t]here is no indication in the theft report that the bag had been tampered with or opened." Defendant denied plaintiff ever reported his locker box had been broken into and his gym shorts were stolen from the locker box.

**{¶ 8}** 8) Plaintiff filed a response insisting his gym shorts were stolen from his locker box in December 2008. Plaintiff asserted CCI staff failed to conduct a proper search for his gym shorts after being informed of the theft. Plaintiff again contended his sweat shirt was lost while under defendant's control. Plaintiff claimed defendant

interfered with his mail by removing certain documents.

CONCLUSIONS OF LAW

{¶ 9}   1)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10} 2)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 11} 3)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 12} 4)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 13} 5)   Plaintiff's failure to prove delivery of the claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property.  *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 14} 6)   Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

{¶ 15} 7)   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 16} 8) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v.*

*David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 17} 9) The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶ 18} 10) Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 19} 11) The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶ 20} 12) Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 21} 13) However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. In the instant case, the claimed stolen property was indistinguishable and, therefore, no duty to search arose. *Wallace v. Grafton Corr. Inst.*, Ct. of Cl. No. 2009-01743, 2009-Ohio-5741.

{¶ 22} 14) Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making a reasonable attempt to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

{¶ 23} 15) Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen, undelivered, or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD E. HARRIS, II

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

    Case No. 2009-06982-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ronald E. Harris, II, #537-076        Gregory C. Trout, Chief Counsel
15802 State Route 104 N.             Department of Rehabilitation
P.O. Box 5500                      and Correction
Chillicothe, Ohio  45601-5500      770 West Broad Street
                                Columbus, Ohio  43222

RDK/laa

Filed 7/20/10
Sent to S.C. reporter 11/5/10