[Cite as *Ratliff v. Mikol*, 2011-Ohio-2147.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 94930**

---

## STACY RATLIFF, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## SHARON MIKOL, M.D., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-666457

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 5, 2011

**ATTORNEYS FOR APPELLANTS**

**For Amanda Buzo**

Michael F. Becker
David A. Kulwicki
The Becker Law Firm Co., LPA
134 Middle Avenue
Elyria, Ohio   44035

**For Stacy Ratliff, et al.**

Paul W. Flowers
Paul W. Flowers Co., LPA
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEES**

Joseph A. Farchione
Christina J. Marshall
Sutter, O'Connell & Farchione Co., LPA
3600 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114

SEAN C. GALLAGHER, J.:

**{¶ 1}** Plaintiffs-appellants Stacy Ratliff and Robert Ratliff Baker, Jr. ("Baker") appeal the judgment of the Cuyahoga County Court of Common Pleas following a jury verdict after a two-week-long trial.[1]   The jury rendered

---

[1]   Stacy Ratliff dismissed her claims against Dr. Mikol prior to trial.

a verdict in favor of defendant-appellee Sharon Mikol, M.D. ("Dr. Mikol") and against Baker. Baker argues that the trial court erred by furnishing the jury with a legally inaccurate "foreseeability" instruction over his objection. Dr. Mikol claims the instruction correctly stated Ohio law. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} On May 29, 1987, Dr. Mikol handled Baker's delivery and birth. Unfortunately, Baker was born with severe brain damage. Baker alleges that Dr. Mikol failed to order an emergency Caesarean section delivery despite the presence of a number of indications that the fetus was under distress. The distress allegedly caused Baker to suffer oxygen deprivation, which led to the brain damage.

{¶ 3} At trial, both parties presented contradicting expert testimony regarding Dr. Mikol's standard of care in handling the delivery. Dr. Mikol proposed the "foreseeability" jury instruction to which Baker objected. Specifically at trial, Baker opposed the use of the word "likely" in the last line of the instruction. The trial court overruled the objection and included the instruction with those read to the jury. It is from that decision that Baker appeals, raising a single assignment of error: "The trial judge erred to plaintiff-appellant's substantial detriment by furnishing the jurors with a legally erroneous foreseeability instruction."

{¶ 4} In reviewing jury instructions, if the instruction incorrectly states the law, the standard of review we apply is to "consider the jury charge as a whole in determining 'whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights.'" *Kokitka v. Ford Motor Co.*, 73 Ohio St.3d 89, 93, 1995-Ohio-84, 652 N.E.2d 671, quoting *Becker v. Lake Cty. Mem. Hosp. W.* (1990), 53 Ohio St.3d 202, 208, 560 N.E.2d 165. "An inadequate jury instruction that misleads the jury constitutes reversible error." (Citations omitted.) *Groob v. KeyBank*, 108 Ohio St.3d 348, 355, 2006-Ohio-1189, 843 N.E.2d 1170.

{¶ 5} We review whether the trial court's decision to give or omit instructions constituted an abuse of discretion under the facts and circumstances of the case. *Berardi's Fresh Roast, Inc. v. PMD Ents., Inc.*, Cuyahoga App. No. 93920, 2010-Ohio-5124, ¶ 12. "[A] trial court has discretion whether to give a requested jury instruction based on the dispositive issues presented during trial. It is the duty of a trial court to submit an essential issue to the jury when there is sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue." (Citations and quotations omitted.) *Renfro v. Black* (1990), 52 Ohio St.3d 27, 30, 556 N.E.2d 150.

{¶ 6} In the current case, the instruction challenged involves the foreseeability of the injury as it relates to the standard of care Dr. Mikol owed

to Baker. Under Ohio law, in order to present a prima facie claim of medical malpractice, a plaintiff must establish: (1) the standard of care, as generally shown through expert testimony; (2) the failure of defendant to meet the requisite standard of care; and (3) a direct causal connection between the medically negligent act and the injury sustained. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 346 N.E.2d 673. The existence of a duty, or standard of care, depends on the foreseeability of the injury. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707. In order to determine what is foreseeable, a court must determine "whether a reasonably prudent person would have anticipated that an injury was *likely to result* from the performance or nonperformance of an act." (Emphasis added.) Id. at 77.

{¶ 7} The trial court instructed the jury on the general rule of law using similar language and entirely based on the pattern instructions from the Ohio Jury Instructions ("OJI"). The instruction read at trial is as follows:

> "In determining whether reasonable care was used you must consider whether the defendant should have foreseen under the attendant circumstances that the natural and probable result of an act or omission on [Dr. Mikol's] part would cause some injury to [Baker].

> "The test for foreseeability is not whether [Dr. Mikol] should have foreseen the injury in its precise form, but whether in light of all the circumstances the reasonable prudent person would have anticipated that an injury *was likely to result* to someone from the act or omission."

(Emphasis added.)

{¶ 8}   In comparison, the foreseeability instruction from OJI Section 401.07 is as follows:

"In deciding whether (reasonable) (ordinary) care was used, you will consider whether the (defendant) (either party) in question should have foreseen under the circumstances that the likely result of an act or failure to act would cause some (injury) (damage).

"The test for foreseeability is not whether a person should have foreseen the (injury) (damage) exactly as it happened to the specific (person) (property).  The test is whether under all the circumstances a reasonably careful person would have anticipated that an act or failure to act would likely (result in) (cause) some (injury) (damage)."

{¶ 9}   Baker proposed changing the emphasized word "likely to" to "may" as an alternative to omitting the entire instruction.

{¶ 10} Baker did not cite to any authority for the proposition that "may" should have replaced "likely," arguing that using "likely" instead of "may" creates a heightened burden for plaintiff to establish duty.   We agree there may be merit to this argument.   However, the trial court mimicked the language given by the Supreme Court and used by the pattern jury instructions.  See *Menifee*, 15 Ohio St.3d at 77; *Miller v. Defiance Regional Med. Ctr.*, Lucas App. No.  L-06-1111, 2007-Ohio-7101, ¶ 52 (finding that the common pleas court did not abuse its discretion in giving the foreseeability

instruction based on the Ohio Jury Instruction[2]).  The instruction therefore is a correct statement of Ohio law.

{¶ 11} Moreover, Baker's only argument as to whether the trial court should have  omitted the foreseeability instruction altogether is that since foreseeability is a factor for duty, an issue of law for the court, the jury should not be charged with foreseeability.  The parties presented dueling evidence on the standard of care.  It was in the province of the trier of fact to determine whether, based on the evidence presented, the standard of care owed to Baker included performing an emergency Caesarean section, as Baker argued.  We therefore cannot say that the trial court erred in including or with regard to the language of the foreseeability instruction.  We agree with Dr. Mikol that the foreseeability instruction given is a correct statement of law, is required by the issues of the case, and is clear in setting out the general rule.  We therefore do not need to address whether the jury was misled by the instruction.

{¶ 12} For the first time on appeal, Baker challenges the proximate cause instruction given by the trial court, claiming it erred in reading foreseeability into the proximate cause instruction.  Baker's argument is without merit for the following reasons.

---

[2] *Miller* refers to O.J.I. 7.13.   In *Carr v. Preferred, Inc.* (Aug. 10, 2000), Cuyahoga App. No. 76476, the court quoted O.J.I. 7.13, and that reference is identical to the pattern instruction at issue in the current case.

{¶ 13} In order to preserve the right to appeal the giving or failure to give an instruction, a party must object to the instruction before the jury begins deliberating. Civ.R. 51(A). We therefore cannot sustain any assigned error relating to jury instructions unless the party raises the objection to the trial court. Baker argues that the proximate cause instruction was part of the foreseeability instruction, and therefore his objections to the trial court as to the foreseeability instruction encompassed the proximate cause one as well.

{¶ 14} In reviewing the record, both sides proposed a proximate cause instruction separate from foreseeability. Dr. Mikol separately submitted the foreseeability and proximate cause instructions from the Ohio Jury Instructions. 1 Ohio Jury Instructions (2004), Sections 401.07 and 405.01. Dr. Mikol's proposed jury instruction on proximate cause did not contain any reference to foreseeability. Baker also submitted a version of the proximate cause instruction: defendant's proposed jury instruction number nine. Baker did not propose any foreseeability instruction, and his proposed proximate cause instruction omitted any reference to the foreseeability instruction language. It also contained, as the definition of "cause," the specific language to which he objects. Neither party proposed one foreseeability instruction that combined the proximate cause instruction language. They both were separately presented for review.

**{¶ 15}** In reviewing this argument, we agree that by defining "cause" with reference to foreseeable, the court **improperly conflated proximate cause with duty.** However, Baker proposed the language to which he objects. Even if there was error in defining "cause" with a reference to "foreseeable," such error was invited by Baker and cannot be the grounds for sustaining his assignment of error. *Patton v. Cleveland* (1994), 95 Ohio App.3d 21, 26, 641 N.E.2d 1126 (finding the trial court did not err in giving the instruction at issue because defendant invited this error by providing the court with the erroneous jury instruction and failing to timely object). More importantly for our review, since Baker did not object to the proximate cause instruction at trial before the jury retired to deliberate, he waived any objection as to that instruction on appeal. Baker's sole assignment of error is overruled.

**{¶ 16}** The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR