*390 Lanzinger, J.,
concurring in judgment in part and dissenting in part.
{¶ 41} I dissent from the majority’s holding that the words “willful,” “wanton,” and “reckless” describe different and distinct degrees of care and are not interchangeable for purposes of R.C. Chapter 2744. I also do not agree with the majority that its opinion offers “clarification” of the meaning of these three words, because the definitions overlap rather than distinguish different conduct.
{¶ 42} Although sometimes described as being on a continuum, i.e., willful conduct is more culpable than wanton, and wanton conduct is more culpable than reckless, the words are functionally equivalent in the immunity statute because each describes conduct that exceeds negligence. The city of Massillon has a defense to liability in this case if the firefighters were responding to an emergency call and did so without “willful or wanton misconduct.” (Emphasis added.) R.C. 2744.02(B)(1)(b). The firefighters themselves are provided immunity unless they acted “with malicious purpose, in bad faith, or in a wanton or reckless manner.” (Emphasis added.) R.C. 2744.03(A)(6)(b).
{¶ 43} If the majority is correct that the words are not interchangeable, then a political subdivision would not be liable for reckless conduct because “willful or wanton misconduct” is separate and distinct from reckless conduct. R.C. 2744.02(B)(1)(b). And employees would have immunity for their willful acts, because the word “willful” is not included as an exception to immunity along with “wanton” or “reckless.” R.C. 2744.03(A)(6)(b). Stated differently, the city would be liable if the firefighters were willful and wanton, but not if they were reckless; the firefighters would be liable if they were wanton or reckless, but not if they were willful. Or in other words, willful acts would implicate the political subdivision, not the employees, and reckless acts would implicate the employees, not the political subdivision.
{¶ 44} This interpretation runs counter to precedent, since both political subdivisions and their employees are generally protected against litigation based on negligence, rather than on willful, wanton, or reckless conduct. See, e.g., O’Toole v. Denihan, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 92.
{¶ 45} We have stated that negligence is conduct that falls below the reasonable standard of ordinary care and relates to protecting against foreseeable risks to others. See Menifee v. Ohio Welding Prods., Inc., 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). “Negligence” is defined as “[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation.” Blank’s Law Dictionary 1133 (9th Ed.2009) But the terms “willful,” “wanton,” and “reckless” within R.C. Chapter 2744 refer to something more than negligence and are used in contradistinction to it. As the First District Court of Appeals has stated,
*391 Tzangas, Plakas, Mannos & Raies, Ltd., David L. Dingwell, James G. Mannos, and Edmond J. Mack; and Davis & Young and David G. Utley, for appellee.
Baker, Dublikar, Beck, Wiley & Mathews, Gregory A. Beck, Mel L. Lute Jr., and James F. Mathews, for appellant.
Murray & Murray Co., L.P.A., John T. Murray, and Patrick G. O’Connor, urging affirmance on behalf of amici curiae John Huffman and Olivia Duty.
Landskroner, Grieco, Merriman, L.L.C., and Drew Legando, urging affirmance on behalf of amicus curiae Ohio Association for Justice.
As the probability increases that certain consequences will flow from certain conduct, the actor’s conduct acquires the character of intent and moves from negligence toward intentional wrongdoing. See Pariseau v. Wedge Products, Inc. (1988), 36 Ohio St.3d 124, 126, 522 N.E.2d 511, 516 (citing 1 Restatement of the Law 2d, Torts, 15, Section 8A, Comment b [(1965)]). Therefore, the terms “wanton,” “willful” and “reckless,” as used to describe tortious conduct, might best be defined at points on a continuum between negligence, which conveys the idea of inadvertence, and intentional misconduct.
Brockman v. Bell, 78 Ohio App.3d 508, 514-515, 605 N.E.2d 445 (1st Dist.1992).
{¶ 46} Thus, reckless conduct and wanton and willful misconduct could be considered as a progression of blameworthiness, but all involve conduct that is more than negligent. Whitfield v. Dayton, 167 Ohio App.3d 172, 2006-Ohio-2917, 854 N.E.2d 532, ¶ 34 (2d Dist.).
{¶ 47} The goal of the immunity statute is to protect political subdivisions and their employees from liability for negligent conduct, but not for conduct exceeding negligence. Although there may be subtle differences among “reckless,” “wanton,” and “willful,” in the context of the immunity statute the three words all function to describe conduct greater than negligence.
{¶ 48} There are material issues of facts for the jury in this case as to whether the firefighters’ conduct was greater than negligent — whether they intended to harm anyone (willful conduct), whether they failed to exercise any care whatsoever (wanton misconduct), or whether they knew or should have known there was a greater probability of substantial harm to anyone due to their actions (recklessness). I therefore concur in the remand to the trial court, but I would also affirm the court of appeals’ order reversing summary judgment in this case.
Pfeifer, J., concurs in the foregoing opinion.