[Cite as *Ellis v. Time Warner Cable, Inc.*, 2013-Ohio-240.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TROY ELLIS | : | APPEAL NO. C-120083 |
| | | TRIAL NO. A-1000552 |
| and | : | |
| | | *O P I N I O N.* |
| DEBBIE ELLIS, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| TIME WARNER CABLE, INC., | : | |
| and | : | |
| DIRECTV, INC., | : | |
| Defendants-Appellees, | : | |
| and | : | |
| CASCOM, INC., | : | |
| Defendant. | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 30, 2013

*O'Connor, Acciani & Levy* and *Barry D. Levy*, for Plaintiffs-Appellants,

*McCaslin, Imbus & McCaslin* and *R. Gary Winters*, for Defendant-Appellee Time Warner Cable, Inc.,

*Sutter, O'Connell & Farchione Co., LPA*, *Lawrence Sutter*, *Christina J. Marshall*, and *Adam W. Martin*, for Defendant-Appellee Directv, Inc.

Please note:  this case has been removed from the accelerated calendar.

**SUNDERMANN, Presiding Judge.**

{¶1}    Troy and Debbie Ellis appeal the trial court's entry of summary judgment in favor of Time Warner Cable, Inc. ("TWC"), and Directv, Inc.   We conclude that none of the Ellises' assignments of error have merit, so we affirm the judgment of the trial court.

{¶2}    Troy Ellis was the owner of Universal Roofing and Remodeling, which had been hired by the owner of an apartment building to repair the building's roof. On January 23, 2008, Ellis, his son, Travis, and Dustin Anderson were on the roof to begin the work.  Shortly after arriving on the job site, Ellis was walking backwards and unrolling roofing material.  While unrolling the roofing material, Ellis fell over the edge of the building, landing on the ground and sustaining serious injuries.  Ellis stated that he did not know what he had tripped over before falling off the roof. Travis, however, stated that he had seen Ellis's foot catch a one-quarter inch coaxial cable that ran across the roof and draped over the side of the building.

{¶3}    The Ellises filed a complaint alleging negligence against TWC, Directv, and Cascom.  They later dismissed Cascom from the lawsuit.  The Ellises alleged that in October 2003, Directv had, through Extreme Video Enterprises ("EVE"), installed a satellite dish at the apartment building.  EVE had used coaxial cable similar to that which Troy Ellis had tripped over.  The Directv service to the building was terminated in 2004, but the Ellises alleged that the cable remained. They also alleged that TWC had installed service to the building in 2005.  The Ellises' expert, Brian Vandal, alleged that, rather than using its own cabling, TWC had used the cabling that had been left behind from the Directv satellite dish.  TWC had terminated the service one week after having installed it.  But the Ellises alleged that

TWC had not removed the cable. Troy Ellis alleged that he had tripped over the cable that had been left behind by, first, Directv and, then, TWC. Both TWC and Directv filed motions for summary judgment, which the trial court granted. The Ellises now appeal.

{¶4} In their first assignment of error, the Ellises assert that the trial court erred in granting summary judgment to TWC and Directv. They contend that the trial court improperly found that TWC and Directv did not owe Troy Ellis a duty of care because Ellis had been engaged in an inherently dangerous activity.

{¶5} Summary judgment is proper when (1) there remains no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and with the evidence construed in favor of the party against whom the motion is made, that conclusion is adverse to that party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review a trial court's grant of summary judgment de novo. *Jorg v. Cincinnati Black United Front,* 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, ¶ 6 (1st Dist.).

{¶6} "[I]n order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). At issue in this case is whether TWC and/or Directv owed Troy Ellis a duty of care.

{¶7} In *Kucharski v. Natl. Eng. Contracting Co.*, 69 Ohio St.3d 430, 633 N.E.2d 515 (1994), syllabus, the Ohio Supreme Court held that "[a]n independent contractor who lacks a contractual relationship with a second independent contractor owes no affirmative duty beyond that of ordinary care to the employees of

the second contractor, where the first contractor does not supervise or actively participate in the second contractor's work."  The Ellises concede that there was no active participation between Troy Ellis and either TWC or Directv.

{¶8}  An exception to the duty of ordinary care was recognized for situations that involved inherently dangerous work.  In *Wellman v. E. Ohio Gas Co.*, 160 Ohio St. 103, 113 N.E.2d 629 (1953), paragraph one of the syllabus, the Ohio Supreme Court held that "[w]here an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor."  The reasoning behind the inherently-dangerous-work exclusion to the duty of ordinary care was explained by the Seventh Appellate District:

> [I]f a property owner or general contractor hires an independent contractor or subcontractor to perform certain work, the property owner or general contractor may assume a duty to the worker to keep the premises safe.  However, if the property owner or general contractor hires the independent contractor or subcontractor to perform inherently dangerous work, then that duty is eliminated because of the intrinsic risk in the work, of which the independent contractor or subcontractor is aware and should guard against.

*Solanki v. Doug Freshwater Contracting, Inc.*, 7th Dist. No. 06-JE-39, 2007-Ohio-6703.

{¶9}  We agree with the Fifth Appellate District that working on a roof is inherently dangerous.  *See Shuman v. Detroit Diesel*, 5th Dist. No. 1999CA00101,

1999 Ohio App. LEXIS 5837 (Dec. 6, 1999). That working on a roof has risks of which a contractor is aware and should guard against is confirmed by the Occupational Safety and Health Administration's requirements and Ohio Administrative Code requirements regarding fall protection and personal protective equipment. *See* 29 C.F.R. 1926 et seq.; Ohio Adm.Code 4123:1-3 et seq.

{¶10} The Fourth Appellate District recently considered whether the inherently-dangerous-work exclusion extended to a case that involved two independent subcontractors with no contractual relationship who performed work at a construction site. *Pinkerton v. J&H Reinforcing and Structural Erectors, Inc.*, 4th Dist. Nos. 10CA3386 and 10CA3388, 2012-Ohio-1606. The court held that "[b]ecause the construction site was inherently dangerous, [the first subcontractor's] active participation was necessary to establish a duty of care to the [second subcontractor]." *Id.* at ¶ 24. To hold otherwise would mean that "[the first subcontractor] would have owed [the second subcontractor] a greater duty of care than an owner, general contractor, or construction manager would have." *Id.* at ¶ 26. *See also Solanki, supra.*

{¶11} We agree with the reasoning of *Pinkerton* and apply it to the case before us. Absent active participation, neither TWC nor Directv owed a duty to Troy Ellis because Ellis was performing inherently dangerous work. Accordingly, we conclude that as a matter of law, the Ellises could not establish an actionable cause of action for negligence. The trial court properly granted summary judgment to TWC and Directv. The first assignment of error is overruled.

{¶12} In their second assignment of error, the Ellises assert that the trial court erred in ruling that EVE was not the agent of Directv. Given our conclusion that Directv owed no duty to Troy Ellis, we need not consider whether EVE was an

agent of Directv. The second assignment of error is moot, and we decline to address it.

{¶13}   Similarly, we need not consider whether the trial court erred when it determined that Troy Ellis's action was the sole, proximate cause of his injuries, as asserted in the third assignment of error, or whether the trial court erred in ignoring testimony from the Ellises' expert that TWC was responsible for the cable that Troy Ellis had tripped over, as asserted in the fourth assignment of error. Both the third and fourth assignments of error are moot, and we decline to address them.

{¶14}   We therefore affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM** and **FISCHER, JJ.,** concur.

J. HOWARD SUNDERMANN, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry this date.