**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0903n.06

No. 13-3087

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Oct 21, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANDREA WEST, individually and as personal representative of the Estate of Michaela Michelle Elaine West, | ) ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| BRADLEY HILTON; DRIVE LOGISTICS, LTD., | ) ) ) | |
| Defendants-Appellees. | ) ) | |

BEFORE: BOGGS and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

PER CURIAM. Andrea West, individually and as personal representative of the Estate of

Michaela Michelle Elaine West, appeals the district court's decision to grant summary judgment in

favor of Bradley Hilton and Drive Logistics, Ltd., in this negligence action. We affirm.

Between 2:00 and 2:30 a.m. on August 25, 2009, Hilton was operating a tractor-trailer in the

middle southbound lane of Interstate 75 just south of Dayton, Ohio, when the tractor-trailer struck

and killed a pedestrian, Michaela West. Andrea West, Michaela West's mother and the estate's

personal representative, brought survival and wrongful-death claims under Ohio law against Hilton,

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

his employer, Drive Logistics, and other defendants who were later dismissed by the district court.

Hilton and Drive Logistics moved for summary judgment. Granting the motion, the district court

concluded that Hilton owed no duty to look for pedestrians on the interstate violating his right of

way. This timely appeal followed.

"We review de novo a district court's decision to grant summary judgment." *Rudisill v. Ford*

*Motor Co.*, 709 F.3d 595, 600 (6th Cir. 2013). Summary judgment is appropriate "if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a).

"It is rudimentary that in order to establish actionable negligence, one must show the

existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee*

*v. Ohio Welding Prods., Inc*., 472 N.E.2d 707, 710 (Ohio 1984). "Thus, the existence of a duty is

fundamental to establishing actionable negligence." *Jeffers v. Olexo*, 539 N.E.2d 614, 616 (Ohio

1989).

Under Ohio law, "a motor vehicle has the right to proceed uninterruptedly in a lawful manner

in the direction in which it is traveling in preference to any vehicle or pedestrian approaching from

a different direction into its path." *Snider v. Nieberding*, No. CA2002-12-105, 2003 WL 22427808,

at *2 (Ohio Ct. App. Oct. 27, 2003) (citing Ohio Rev. Code § 4511.01(UU)(1) (defining a vehicle's

"right-of-way")). "Every pedestrian crossing a roadway at any point other than within a marked

crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all

vehicles . . . upon the roadway." Ohio Rev. Code § 4511.48(A); *see also* Ohio Rev. Code

§ 4511.051(A)(1) (prohibiting pedestrians from "occupy[ing] any space within the limits of the

right-of-way of a freeway"). This, however, "does not relieve the operator of a vehicle . . . from exercising due care to avoid colliding with any pedestrian upon any roadway." Ohio Rev. Code § 4511.48(E). The Ohio Court of Appeals has summarized a driver's duty in light of these statutory provisions as follows:

> R.C. 4511.48(A) and (E) have been reconciled into the rule that a driver need not look for pedestrians or vehicles violating his right of way. Rather, the operator of a motor vehicle must exercise due care to avoid colliding with a pedestrian in his right of way *only upon discovering a dangerous or perilous situation*. Moreover, a driver has no duty to look for danger unless there is reason to expect it. Therefore, despite a vehicle operator's duty to exercise due care to avoid colliding with a pedestrian, a driver need not keep a lookout for vehicles or pedestrians violating his right of way.

*Wallace v. Hipp*, No. L-11-1052, 2012 WL 525530, at *3 (Ohio Ct. App. Feb. 17, 2012) (internal citations omitted); *see also Joyce v. Rough*, No. L-10-1368, 2011 WL 3242240, at *3 (Ohio Ct. App. July 29, 2011).

In this case, there is no dispute that, at the time of the collision, Hilton was not speeding or in violation of any Department of Transportation regulations, including the hours-of-service requirements. It is also undisputed that Hilton did not see Michaela West before the collision. It is unknown whether Michaela West, a young black female wearing a black jacket, was standing, walking, or running or, if she was moving, in which direction. The plaintiff argues that, if Hilton had been watching the road ahead, he would have seen Michaela West and taken measures to avoid contact. But, as the district court correctly pointed out, Hilton had no duty under Ohio law to look for pedestrians violating his right of way. *See Wallace*, 2012 WL 525530, at *3; *Wall v. Sprague*, No. CA2007-05-065, 2008 WL 2635528, at *2 (Ohio Ct. App. July 7, 2008). A duty of care to

avoid colliding with Michaela West would have arisen only after Hilton discovered that she was in his right of way. *See Sprague*, 2008 WL 2635528, at *3. Again, it is undisputed that Hilton did not see Michaela West before the collision.

For the first time on appeal, the plaintiff contends that Hilton violated the assured-clear-distance statute, which states:

> No person shall operate a motor vehicle . . . at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle . . . in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

Ohio Rev. Code § 4511.21(A). The plaintiff forfeited this argument by failing to raise it below. *Armstrong v. City of Melvindale*, 432 F.3d 695, 699-700 (6th Cir. 2006). Regardless, establishing negligence per se based on a violation of the assured-clear-distance statute "depends on whether there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Blair v. Goff-Kirby Co.*, 358 N.E.2d 634, 636 (Ohio 1976). There is no evidence that Michaela West was stationary or moving in the same direction as Hilton, did not suddenly appear in his path, or was readily discernible.

For the foregoing reasons, we affirm the district court's decision to grant summary judgment in favor of Hilton and Drive Logistics.