[Cite as *Walker v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-6182.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GLENN WALKER

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

    Case No. 2009-05374-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Glenn Walker, an inmate formerly incarcerated at defendant's Ross Correctional Institution (RCI), filed this action alleging multiple property items he possessed were stolen as a proximate cause of negligence on the part of RCI staff.  Plaintiff recalled he and another inmate were released from an administrative control unit at RCI on July 30, 2008 and assigned to new housing units. Plaintiff explained both he and his fellow inmate transported their property on one cart since "only one cart was available for us to transport our possessions back to our respective units."  Plaintiff further explained, "[s]ince the other inmate's possessions were on top on mine in the cart, we went to his assigned unit first." According to plaintiff, while he was assisting in unloading the cart he "was assaulted by a third inmate" and was subsequently "taken away in handcuffs for fighting.."  Plaintiff noted that after he was removed from the area the RCI officer on duty took control of his property and removed the items "to an unsecured area with unfettered access by 126 other inmates." Plaintiff contended much of his property was stolen while stored in the "unsecured

area."

**{¶ 2}** 2) Plaintiff advised the following property items were stolen: "compact disc player, headphones, four photo albums containing photographs, twenty-five envelopes, two t-shirts, Nike athletic shoes, Timberland boots, tennis shoes, socks, three pairs of underwear, a divider folder, a phone book, face cream, hair clippers, an adapter, one drinking cup, one cooking bowl, an electric fan, deodorant, baby lotion, three disposable razors. three bars of soap, two soap dishes, two toothbrushes, and a tube of toothpaste. Plaintiff asserted his property was left by RCI personnel in an unsecured area, thereby facilitating theft attempts, and he has consequently filed this complaint seeking to recover damages in the amount of $388.00, the estimated replacement value of his missing property. The filing fee was paid.

**{¶ 3}** 3) Defendant maintained plaintiff's property was secured by RCI Corrections Officer Gililand "while his fight was being broken up by other officers." Defendant advised plaintiff's property was stolen during the time plaintiff engaged in a fight with another inmate and was left unsecured on a cart. Defendant denied any of plaintiff's property was stolen after the items entered the custody and control of RCI staff. Defendant related plaintiff "left his property in a laundry cart unattended while fighting." Defendant contended RCI personnel actually tried to protect plaintiff's property from further theft attempts by placing the laundry cart in a utility closet to prevent further theft during the time plaintiff was fighting. Defendant noted RCI "officers secured the laundry cart containing inmate Walker's property as quickly as possible while attempting to separate and secure inmate Walker and the inmate he was fighting with." Defendant related reasonable attempts were made to secure plaintiff's property while plaintiff was still fighting.

CONCLUSIONS OF LAW

**{¶ 4}** 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ."

*Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 6}** 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** 4) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 8}** 5) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 9}** 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 10}** 7) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 11}** 8) The fact that a theft occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

**{¶ 12}** 9) Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

**{¶ 13}** 10) Plaintiff has failed to show any causal connection between any property theft and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-

04236-AD, 2003-Ohio-3615.

{¶ 14} 11) Plaintiff has failed to prove, by a preponderance of the evidence, his items were stolen and unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GLENN WALKER

   Plaintiff

   v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

   Defendant

   Case No. 2009-05374-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Glenn Walker, #476-594
5787 St. Rt. 63
Lebanon, Ohio  45036

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
8/2
Filed 8/17/10
Sent to S.C. reporter 12/10/10