[Cite as *Socha v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-5686.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL P. SOCHA

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2009-06621

Judge Alan C. Travis
Magistrate Matthew C. Rambo

<u>MAGISTRATE DECISION</u>

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Trumbull Correctional Institution (TCI) pursuant to R.C. 5120.16. On September 14, 2007, plaintiff was issued a pass by the TCI administration to report to the Ohio Penal Industries building to pick up his legal mail. Plaintiff testified that when he arrived, there were three other inmates waiting, and so he sat on a bench to wait. Plaintiff stated that while he waited, Corrections Captain Douglas Miller entered the building on a bicycle. According to plaintiff, Miller rode the bicycle to an area behind him, left it resting against the kickstand, and entered the mail room. Plaintiff testified that a few seconds after Miller left the area, inmate Scott Payne shouted "Watch out! Watch out!" which prompted plaintiff to turn his head to the left where he saw the bicycle falling toward him. Plaintiff stated that he quickly stood up from the bench and pivoted out of the path of the falling bicycle. According to plaintiff, he felt a "pop" in his groin as

he pivoted. Plaintiff testified that the bicycle would have hit him had he not moved out of the way. Plaintiff stated that he then collected his mail and visited "medical" on his way back to his cell where he was examined by both a nurse and doctor and diagnosed with an inguinal hernia in his right groin. (Plaintiff's Exhibit 2.)

**{¶ 3}** Payne testified that he was seated on a bench to plaintiff's left and that he observed Miller ride the bicycle into the building and secure it behind plaintiff using the kickstand. According to Payne, a short time after Miller left the bicycle and entered the mail room, the bicycle fell toward plaintiff and he yelled "Watch out! Watch out!" to warn him of the impending danger. Payne stated that plaintiff jumped out of the way of the bicycle, and immediately started to hold his groin.

**{¶ 4}** Miller testified that he regularly uses the bicycle in his travels around the TCI grounds. Miller stated that when he dismounted the bicycle and extended the kickstand, he was confident that the bicycle was secure. Miller testified that he heard a commotion "a matter of seconds" after he entered the mail room, whereupon he returned from the mail room and observed the bicycle on the ground. According to Miller, he asked if anyone was hurt, and plaintiff requested to go to "medical." Miller testified that the event was a "non-incident" in his mind and that he did not file any report as a result. Finally, Miller testified that the bicycle's kickstand was in good working order but that, nevertheless in his experience with bicycles, sometimes a bicycle will fall even when secured with a kickstand. In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners; however, the state is not an insurer of

inmate safety.  *Williams v. Southern Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶ 5}  Based upon the testimony adduced at trial, the court finds that, more likely than not, Miller failed to properly employ the bicycle kickstand when he parked the bicycle behind plaintiff.  Moreover, given Miller's testimony that he is aware that a bicycle can fall over even when a kickstand is used, the court finds that he committed a breach of his duty to plaintiff when he positioned the bicycle immediately behind plaintiff.  Based upon the foregoing, judgment is recommended in favor of plaintiff.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*


_____
MATTHEW C. RAMBO
Magistrate


cc:

Emily M. Simmons                          Richard F. Swope
Assistant Attorney General                6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor           Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

MR/cmd
Filed October 12, 2010

To S.C. reporter November 18, 2010