[Cite as *Wallace v. Grafton Correctional Inst.*, 2010-Ohio-6608.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONNIE LEE WALLACE

　　Plaintiff

　　v.

GRAFTON CORRECTIONAL INSTITUTION

　　Defendant
　　Case No. 2008-11711

Judge Alan C. Travis
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} As an initial matter, on October 12, 2010, defendant filed a motion to quash the subpoenas issued for Dr. John Roberts, Dr. Mark D'Onofrio, Patricia Davis, and Riann Taylor. Defendant argues that the proper witness and mileage fees were not tendered upon service of the subpoenas. The court notes that improper service or failure of service is not a basis for quashing a subpoena pursuant to Civ.R. 45(C)(3). Accordingly, defendant's motion is DENIED. However, inasmuch as plaintiff did not provide the appropriate witness fees, the court finds that the subpoenas were not properly served pursuant to Civ.R. 45(B), and are therefore not enforceable.

{¶ 3} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff asserts that defendant was negligent in failing to schedule him for medically prescribed physical therapy sessions. Defendant

argues that plaintiff was scheduled for physical therapy sessions as prescribed but that plaintiff refused to attend most of those sessions.

{¶ 4}   In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 5}   Plaintiff testified that he underwent a total right hip replacement in April 2003 at The Ohio State University Medical Center (OSUMC) and that he has used a "walker" ever since.  Plaintiff further testified that he received some physical therapy after the surgery at OSUMC and at the Corrections Medical Center (CMC), before being returned to defendant's custody.  According to plaintiff, he was prescribed a continuing course of physical therapy which required him to periodically travel by bus from defendant to CMC, a trip of approximately three hours, while secured in handcuffs and shackles.  Plaintiff stated that the trip caused him discomfort and that he felt that the physical therapy which he received at CMC was not helpful.  As such, plaintiff admitted that after two such trips, he refused to go.  Plaintiff testified that he instead tried to persuade defendant's medical staff to send him to a local area hospital for treatment, but that his requests were denied.

{¶ 6}   Michele Viets, a registered nurse, currently serves as a regional nurse coordinator for the Department of Rehabilitation and Correction; she was the Healthcare Administrator for defendant during the time relevant to plaintiff's claims.  With regard to the scheduling of physical therapy, Viets testified that a physician makes the initial request for an inmate to receive physical therapy, then a Health Information Technician employed by defendant contacts CMC, and CMC responds with a treatment schedule based upon the original physician's request.  The inmate then travels via bus to CMC to receive the treatment as scheduled.

{¶ 7} Viets further testified that she reviewed plaintiff's medical records in preparation for trial and that there are several instances when plaintiff was scheduled to travel to CMC for physical therapy but refused. Defendant's Exhibit E is a summary of plaintiff's scheduled visits to CMC between August 7, 2002, and August 26, 2010. The summary shows that plaintiff was scheduled for physical therapy 14 times between August 8, 2003, and May 30, 2006, but that he missed seven of those appointments. Additionally, Defendant's Exhibits A, B, C, D, J, and K document plaintiff's refusal to attend scheduled physical therapy sessions. According to Viets, inmates are not required to attend the sessions if they express to staff that they do not want to attend.

{¶ 8} Based upon the foregoing, the court finds that defendant scheduled plaintiff for numerous physical therapy sessions as prescribed, but that plaintiff chose not to attend many of those sessions. Accordingly, the court finds that defendant did not commit a breach of its duty of care to plaintiff. Judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Ronnie Lee Wallace, #A140-221
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044

MR/cmd
Filed December 10, 2010
To S.C. reporter January 4, 2011