[Cite as *Kennedy v. Madison Correctional Inst.*, 2011-Ohio-3441.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PATRICK KENNEDY

    Plaintiff

    v.

MADISON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-10157-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶ 1} On May 20, 2009, plaintiff, Patrick Kennedy, an inmate incarcerated at defendant, Madison Correctional Institution (MaCI), was transferred from the general population to a segregation unit. Plaintiff alleged that before he was handcuffed, he was instructed by a corrections officer (CO) to place the items he was holding, a mechanical pencil, a notepad, and a cup, on the CO's desk and that these items were not packed with his other property and were either lost or stolen. In addition, plaintiff alleged that at sometime during the transfer procedure unidentified inmates entered his cell and stole several items of his personal property. Plaintiff related the stolen property included: three mechanical pencils and one power cord. Plaintiff then listed the following unreported missing items: two locker mirrors, one book light, one state belt, replacement lead black, replacement lead red, plastic antenna holder, scented oil, masking tape, eraser x-large, artists ink & pencil eraser, twenty-four assorted binder clips, one butterscotch disks, one orange slices, one pepperoni, one pizza kit, and two

Case No. 2006-03532-AD       - 2 -       MEMORANDUM DECISION

mozzarella cheeses. Additionally, plaintiff requested unspecified damages for the cost of copies, postage and legal assistance. Postage and copying expenses are not compensable in a claim of this type. The request to include these expenses in the damage claim is denied and shall not be further addressed.

{¶ 2} Plaintiff implied his property was stolen as a proximate cause of negligence on the part of MaCI staff in failing to adequately protect the property from theft attempts. Plaintiff filed this complaint seeking to recover $86.30, the stated replacement cost of his alleged stolen property. The filing fee was paid.

{¶ 3} Defendant denied any liability in this matter contending plaintiff failed to offer any evidence to prove his property was stolen as a proximate result of any negligent conduct on the part of defendant. Defendant denied ever exercising control over any of the alleged stolen property items. Defendant argued no evidence has been offered to establish plaintiff suffered property loss as a result of any act attributable to MaCI personnel. Defendant advised MaCI staff searched for plaintiff's property but did not locate any of the alleged missing items.

{¶ 4} Plaintiff filed a response essentially reiterating the allegations made in the complaint.

## CONCLUSIONS OF LAW

{¶ 5} 1)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6} 2)    Although not strictly responsible  for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 7} 3)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 8} 4)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 9} 5)    Plaintiff's failure to prove delivery of the claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 10} 6)    Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.,* Ct. of Cl. No. 2002-05751, 2005-Ohio-4455, obj overruled, 2005-Ohio-5068.

Case No. 2006-03532-AD       - 4 -       MEMORANDUM DECISION

{¶ 11} 7)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003 Ohio 2573,¶ 8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 12} 8)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003 Ohio 5333, ¶ 41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521;

{¶ 13} 9)    The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty or ordinary or reasonable care. *Williams.*

{¶ 14} 10)    Defendant is not responsible for thefts committed by inmates unless an agency relationship  is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility (*1978), 78-0217-AD.

{¶ 15} 11)    The fact defendant supplied plaintiff with a locker box to secure

valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶ 16} 12) Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 17} 13) Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

{¶ 18} 14) However, in the instant claim, plaintiff has failed to prove any delay in packing his inmate property resulted in any property theft. *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD.

{¶ 19} 15) Moreover, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. In the instant case, the claimed stolen property was indistinguishable and, therefore, despite the fact that defendant conducted a fruitless search, no duty to search arose. *Wallace v. Grafton Corr. Inst.*, Ct. of Cl. No. 2009-01743, 2009-Ohio-5741.

{¶ 20} 16) Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No.

Case No. 2006-03532-AD            - 6 -            MEMORANDUM DECISION

Case No. 2006-03532-AD            - 6 -            MEMORANDUM DECISION

2005-11094-AD, 2006-Ohio-7207.

{¶ 21} 17)   Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PATRICK KENNEDY

     Plaintiff

v.

MADISON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-10157-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

                                _____

                                DANIEL R. BORCHERT
                                Deputy Clerk

Entry cc:

Patrick Kennedy, #393-577             Gregory C. Trout, Chief Counsel
1851 St. Rt. 56                        Department of Rehabilitation
P.O. Box 740                          and Correction
London, Ohio  43140-0740        770 West Broad Street
                                    Columbus, Ohio  43222

SJM/laa
3/18
Filed 3/31/11

Case No. 2006-03532-AD - 8 - MEMORANDUM DECISION

Case No. 2006-03532-AD - 8 - MEMORANDUM DECISION

Sent to S.C. reporter 6/30/11