[Cite as *Rainey v. Lebanon Corr. Inst.*, 2011-Ohio-3776.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM RAINEY

     Plaintiff

     V.

LEBANON CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2010-11935-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

**{¶ 1}** Plaintiff, William Rainey, an inmate who is incarcerated at defendant, Lebanon Correctional Institution (LeCI), filed this action alleging that his television set was broken by another inmate. Plaintiff submitted an affidavit from the offender admitting that he destroyed plaintiff's television set on June 30, 2010. Plaintiff seeks damage recovery in the amount of $181.90, the stated replacement value of plaintiff's television set. Payment of the filing fee was waived.

**{¶ 2}** Defendant denied liability in this matter contending that defendant "is not responsible for the intentional act of an inmate." In addition, defendant contended that the offending inmate has since made full restitution to plaintiff. The email referenced by defendant in its investigation report purportedly verifying the transfer of funds from the offender to plaintiff was not attached or submitted to the court.

**{¶ 3}** Plaintiff did not file a response.

CONCLUSIONS OF LAW

**{¶ 4}** Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 5}** This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 6}** Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 7}** Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 8}** Defendant is not responsible for actions of other inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615; *Jenkins v. Richland Correctional Inst.*, Ct. of Cl. No. 2003-01768-AD, 2003-Ohio-4483.

**{¶ 9}** In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owned him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 10}** "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 11}** Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App.

3d 132, 136, 20 OBR 166, 485 N.E. 2d 287.  Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances.  *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O. 2d 573, 209 N.E. 2d 142.

{¶ 12}     Plaintiff has failed to show any causal connection between the damage to his television set and any breach of a duty owed by defendant in regard to protecting inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Tomblin v. London Correctional Inst.*, Ct. of Cl. No. 2005-03431-AD, 2005-Ohio-4859; *Madden v. Lebanon Correctional Inst.*, Ct. of Cl. No. 2006-06116-AD; jud, 2007-Ohio-1928; *Tolbert v. Lebanon Correctional Inst.*, Ct. of Cl. No. 2007-06942-AD, 2008-Ohio-5152.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM RAINEY

    Plaintiff

    v.

LEBANON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-11935-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

William Rainey, #589-699
3791 State Route 63
Lebanon, Ohio  45036

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
3/30
Filed 4/20/11
Sent to S.C. reporter 7/29/11