[Cite as *Black v. N. Cent. Correctional Inst.*, 2011-Ohio-2622.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ELLIOT BLACK

     Plaintiff

     v.

NORTH CENTRAL CORRECTIONAL INSTITUTION

     Defendant
     Case No. 2009-07539

Judge Alan C. Travis
Magistrate Anderson M. Renick

<u>MAGISTRATE DECISION</u>

{¶ 1}  Pursuant to Civ.R. 53, Magistrate Anderson M. Renick was appointed to conduct all proceedings necessary for decision in this matter.

{¶ 2}  Plaintiff brought this action alleging negligence.  The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 3}  At all times relevant, plaintiff was an inmate in the custody and control of defendant at the North Central Correctional Institution (NCCI), pursuant to R.C. 5120.16.  Plaintiff alleges that on the morning of August 28, 2009, a defective wheel caused him to fall out of his wheelchair, which resulted in serious injuries.  Plaintiff asserts that defendant was negligent in failing to repair his wheelchair prior to this incident.

{¶ 4}  In order to prevail upon his claim of negligence, plaintiff must prove by a preponderance of evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products,*

*Inc.* (1984), 15 Ohio St.3d 75, 77. Additionally, Ohio law imposes a duty of reasonable care upon the state to provide for the prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 136. Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310. However, the state is not an insurer of inmates' safety. See *Williams v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 699, 702.

**{¶ 5}** Plaintiff testified that in the afternoon of August 27, 2009, the rubber portion of the wheel of his wheelchair dislodged while he was in the yard. Plaintiff immediately presented to the infirmary requesting that his wheelchair be repaired. Plaintiff asserts that he received a work order requiring defendant's maintenance staff to immediately repair his wheelchair. Plaintiff could not present the court with a copy of the work order.

**{¶ 6}** Plaintiff testified that as he proceeded to defendant's maintenance department, he encountered a maintenance worker and requested a repair. According to plaintiff, the maintenance worker informed him that he was leaving for the day and could not make the repair.

**{¶ 7}** Plaintiff testified that he then returned to the infirmary and requested a replacement wheelchair for that evening. However, defendant asserts that plaintiff did not request a replacement wheelchair and that one would have been made available to him had he made such a request. The grievance officer who authored the "disposition of grievance" regarding this incident found that plaintiff did not request a replacement wheelchair. (Defendant's Exhibit 1.)[1]

**{¶ 8}** After leaving the infirmary, plaintiff returned to his cell for the evening. Plaintiff testified that throughout the evening he had trouble turning the wheelchair. At

---

[1]Although the exhibit has been marked Plaintiff's Exhibit 1, the exhibit was offered by defendant and admitted into evidence as Defendant's Exhibit 1.

some point that night, plaintiff attempted to use the wheelchair to reach the restroom, but it flipped over, causing him to suffer severe neck and head injuries. Plaintiff admitted that the incident occurred very early in the morning when he was in a "sleep-like state"; and that he was not paying attention as he sat down in the chair. Plaintiff claims that he is scheduled for surgery to repair the damage that was caused to his neck; however, plaintiff did not present the court with any medical records in support of that claim. The disposition of grievance indicates that the wheelchair was repaired at 10:15 a.m. on August 28, 2009. (Defendant's Exhibit 1.)

**{¶ 9}** Based upon the foregoing, the court finds that plaintiff has failed to prove his negligence claim by a preponderance of the evidence. The court further finds that defendant reasonably responded to plaintiff's request to repair the wheel of his wheelchair. Based upon plaintiff's testimony regarding the incident, the court finds that plaintiff failed to take reasonable care to ensure his own safety and that such failure was the sole proximate cause of his injuries. Therefore, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ANDERSON M. RENICK
Magistrate

cc:

Steven C. McGann                    Elliot Black, #608-107
Assistant Attorney General          North Central Correctional Institution
150 East Gay Street, 18th Floor     P.O. Box 1812
Columbus, Ohio 43215-3130           Marion, Ohio 43302

LP/GWP/cmd/Filed May 11, 2011/To S.C. reporter May 26, 2011