[Cite as *Sage v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-4851.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GORDON SAGE

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

Case No. 2010-03771

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

<u>MAGISTRATE DECISION</u>

{¶1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} At the close of proceedings, the record was left open for plaintiff to proffer additional documents as evidence. On June 22, 2011, plaintiff submitted eleven documents for consideration. On June 23, 2011, defendant filed objections. The two Conduct Reports and one Incident Report that plaintiff submitted were already admitted into evidence at trial and will not be admitted again. The remainder of the documents are medical records that the court will admit for the limited purpose of evidencing that plaintiff was examined by defendant's medical staff on the dates noted on the documents. Said documents will be admitted as Plaintiff's Exhibits 18-25.

{¶3} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Warren Correctional Institution (WCI) pursuant to R.C. 5120.16. Plaintiff testified that on January 17, 2009, inmate Riley came to his cell and attacked him and fractured his jaw. Plaintiff further testified that on March 16, 2009, inmate Towson, a friend of Riley's, started a fight with him during which his jaw was again fractured. Plaintiff asserts that defendant had notice of an impending assault on both occasions and failed to protect him. Plaintiff further asserts that the attack on January 17, 2009, would not have occurred if his cell door had been locked per defendant's policy at the time.

{¶4} Lonnie Rarden was plaintiff's cellmate at the time he was attacked by Riley. Riley is Rarden's nephew and former cellmate. According to Rarden, he and Riley were cellmates for almost a year when, on November 23, 2008, they were involved in a physical altercation that ultimately led to Riley being placed in segregation and Rarden moving into a cell with plaintiff. Rarden stated that he returned from eating dinner on January 17, 2009, to find that Riley had attacked plaintiff and attempted to steal items from the cell.

{¶5} Roger Tackett was employed as a corrections officer (CO) at WCI from 2006 through May 2011. Tackett testified that he observed the fight between plaintiff and Riley on January 17, 2009, and that he issued a conduct report on each inmate for fighting. (Defendant's Exhibits A, E.) According to Tackett, the cell doors were unlocked every thirty minutes or so to allow inmates to go to the dining room or to the recreation area. Tackett's conduct report for plaintiff states that Tackett observed Riley enter plaintiff's cell and fight with plaintiff. (Defendant's Exhibit A.) Tackett further testified that he was not aware of any prior problems between Riley and Rarden or Riley and plaintiff, and had no knowledge of an impending assault on plaintiff by Riley.

{¶6} CO Roman Mulligan testified that he responded to the fight between plaintiff and inmate Towson on March 16, 2009, and subsequently filed both a conduct and incident report. (Defendant's Exhibit B.) According to Mulligan's report, he and another CO observed plaintiff and Towson fighting in the "dayroom" and separated the two after administering chemical spray. Mulligan testified that he was not aware of prior problems between plaintiff and Towson, and had no prior warning that Towson would attack plaintiff. In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners; however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶7} Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice of an impending attack upon that specific inmate. Notice is lacking where defendant does not have any knowledge of prior problems, disputes, or altercations between the victim and the assailant and institutional staff have no indication that an attack is going to occur. *Elam v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-714, 2010-Ohio-1225, ¶10-11, citing *Doss v. Ohio Dept. of Rehab. & Corr.* (Mar. 28, 2000), Franklin App. No. 99AP-661, and *McDonald v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No 02AP-735, 2003-Ohio-513.

{¶8} Based upon the testimony and evidence presented at trial, the court finds that defendant did not have any notice of an impending attack on plaintiff by either Riley or Towson. The court further concludes that defendant acted reasonably and pursuant

to policy with respect to plaintiff's cell being unlocked on January 17, 2009. Accordingly, judgment is recommended in favor of defendant.

{¶9} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Daniel R. Forsythe                          Gordon Sage, #458-271
Kristin S. Boggs                            Mansfield Correctional Institution
Assistant Attorneys General                 P.O. Box 788
150 East Gay Street, 18th Floor             Mansfield, Ohio 44901-0788
Columbus, Ohio 43215-3130

MR/dms
Filed August 5, 2011
To S.C. reporter September 22, 2011