[Cite as *Bryson v. N. Cent. Corr. Inst.*, 2011-Ohio-7054.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENNETH BRYSON

  Plaintiff

  v.

NORTH CENTRAL CORRECTIONAL INSTITUTION

  Defendant

   Case No. 2011-04312-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}  Plaintiff, Kenneth Bryson, an inmate formerly incarcerated at defendant, North Central Correctional Institution (NCCI), filed this action alleging that several items of his personal property were lost or stolen on four separate occasions.  The first incident occurred on September 3, 2010, after plaintiff left his bunk area and the following items were stolen: one Sony CD player ($74.89), one Pac-man video game ($30.50), one RF Modulator ($17.12), one pair Nike tennis shoes ($40.00), one pair of sweatpants ($9.10), and one sweatshirt ($9.10).  Plaintiff recalled the second incident occurred on September 7, 2010, when plaintiff's television remote ($10.80), beard trimmer ($23.56), and padlock ($4.92), were stolen by unidentified inmates.  According to the allegations in the complaint, the third incident took place on September 14, 2010, when plaintiff's television, headphone accessory kit, television signal splitter, coaxial cable, and padlock were stolen from his bunk area.  Then according to plaintiff, on October 8, 2010, plaintiff's Koss headphones ($18.73), were stolen, as well.

{¶2}   Plaintiff requested damage recovery in the amount of $476.45, the stated total value of the alleged missing property, plus $100.00 "in costs associated with bringing this action."[1]  The filing fee was paid.

{¶3}   Plaintiff submitted a copy of his notification of grievance and the resulting disposition of that grievance, as well as the decision on plaintiff's appeal to the chief inspector.   Based upon a review of those documents, the court notes that defendant denied plaintiff's grievance inasmuch as plaintiff failed to show that defendant took possession of  or acted negligently in protecting plaintiff's property, defendant supplied plaintiff with a lockable locker box in which to secure his property,  and defendant's employees conducted a reasonable search for plaintiff's stolen property after each theft report was received.

{¶4}   Defendant denied liability in this matter contending that plaintiff failed to offer any evidence to establish that any of his property was lost or stolen as a result of any breach of a duty of care owed on the part of NCCI personnel in regard to inmate property protection.  Defendant asserted  both that there was no evidence that NCCI staff removed or permitted the removal of plaintiff's property from his bunk area and that a search was conducted in reference to each incident.  Defendant referenced a report prepared by the NCCI institutional inspector; however, a copy of the inspector's report was not filed with the investigation report.

{¶5}   Plaintiff filed a response reiterating the allegations of his complaint and asserting that the corrections officers were negligent for failing to protect plaintiff's property from theft attempts, for putting the wrong date on one of plaintiff's theft/loss reports, and for failing to review camera footage in an effort to identify the offending inmate or inmates.

CONCLUSIONS OF LAW

{¶6}   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products,*

---

[1] Postage and copying expenses are not compensable in a claim of this type. To the extent plaintiff seeks to include these costs in the damage claim the request is denied and shall not be further addressed.  See *Lamb v. Chillicothe Corr. Inst.* Ct. of Cl. No. 2004-01788-AD, 2004-Ohio-1841, citing *Hamman v. Witherstine* (1969), 20 Ohio Misc. 77, 49 O.O. 2d 126, 252 N.E.2d 196.

*Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶7} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶8} Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶9} The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶10} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶11} The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶12} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶13} Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶14} Plaintiff has failed to show an causal connection between the loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-

04236-AD, 2003-Ohio-3615.

{¶15}   Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen or lost as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENNETH BRYSON

    Plaintiff

    v.

NORTH CENTRAL CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2011-04312-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kenneth Bryson, #626-261
P.O. Box 540
St. Clairsville, Ohio  43950

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
10/14
Filed 11/2/11

Sent to S.C. reporter 3/30/12