[Cite as *Kasotis v. Ohio Dept. of Transp.*, 2013-Ohio-3632.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOAN KASOTIS, Admx., etc.

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, et al.

    Defendants

Case No. 2009-03045

Judge Patrick M. McGrath
Magistrate Anderson M. Renick

ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

{¶ 1} On January 11, 2013, defendant, Ohio Department of Transportation (ODOT), filed a motion for summary judgment pursuant to Civ.R. 56(B). On February 4, 2013, plaintiff filed a response. The motion is now before the court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also*

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} On March 11, 2007, Nicholas Brady and plaintiff's decedent Aris Kasotis were fatally injured when the car they were riding in as passengers was involved in an accident while traveling southbound on State Route (SR) 98 in Marion County. Plaintiff Joan Kasotis is the administratrix of Aris' estate. The accident occurred when the intoxicated driver lost control of the vehicle on a curve, causing the car to leave the left side of the roadway and strike a bridge abutment supporting the U.S. Route (US) 23 overpass. Plaintiff alleges that ODOT was negligent both in constructing and maintaining the highway overpass, and failing to install guardrails. According to plaintiff, defendants' negligence proximately caused Aris' injuries. ODOT asserts that it designed and constructed the highway and overpass according to engineering standards that were in effect at the time of the construction and that it had no duty to add guardrails or reconstruct the highway.

{¶ 5} In order for plaintiff to prevail upon his claim of negligence, she must prove by a preponderance of the evidence that defendants owed her a duty, that defendants' acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984). ODOT has a general duty to maintain its highways in a reasonably safe condition. *Knickel v. Ohio Dept. of Transp.*, 49 Ohio App.2d 335 (10th Dist.1976). However, ODOT is not an insurer of the safety of its highways. *See Rhodus v. Ohio Dept. of Transp.*, 67 Ohio App.3d 723 (10th Dist.1990).

{¶ 6} ODOT's motion for summary judgment is accompanied by an affidavit of Maria Ruppe, a Roadway Standards Engineer employed by ODOT, who states in her affidavit as follows:

{¶ 7} "3.   The US 23 overpass was constructed in 1965, and since that time there have not been any roadway reconstruction projects that would require the US 23 overpass or State Route 98 below it to be redesigned;

{¶ 8} "4.   Although, US 23 overpass was constructed in 1965, it was designed under the ODOT's 1957 Manual of Location and Design (L&D Manual);

{¶ 9} "5.   The 1957 L&D Manual does not define bridge piers as a hazard or require guardrail to shield bridge piers;

{¶ 10} "6. The decision whether to install guardrail at a particular site is a matter of engineering judgment inasmuch as an improperly positioned guardrail can become a hazard. Thus, whether to install guardrail requires a determination weighing the risk of harm arising from vehicles striking the guardrail compared to the risk of harm arising from the vehicles contacting the hazard."  (Defendants' Exhibit A, ¶ 6.)

{¶ 11} Absent any evidence that defendants had a duty to redesign or reconstruct the ramp, plaintiff cannot prevail.  The Tenth District Court of Appeals has observed that "[a] duty to maintain state highways is distinguishable from a duty to redesign or reconstruct. Maintenance involves only the preservation of existing highway facilities, rather than the initiation of substantial improvements. * * * ODOT has no duty to upgrade highways to current design standards when acting in the course of maintenance."  *Wiebelt v. Ohio Dept. of Transp.*, 10th Dist. No. 93AP-117 (June 24, 1993), citing *Lunar v. Ohio Dept. of Transp.*, 61 Ohio App.3d 143, 149 (10 Dist.1989).

{¶ 12} Plaintiff has not presented any evidence to show that substantial improvements have been made to the overpass or adjacent highway since the overpass was constructed.  Indeed, Ruppe stated that her review of ODOT's records revealed that there have not been any roadway reconstruction projects since the US 23 overpass was constructed which would require either the overpass or SR 98 to be redesigned. "The existence of a duty in a negligence action is a question of law for the court to determine."  *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989), citing *Railroad Co. v.*

*Harvey*, 77 Ohio St. 235, 240 (1907). Based upon the evidence submitted, the court finds that defendants had no duty to reconstruct the roadway or install guardrails.

{¶ 13} Furthermore, "[t]he language of R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities." *Reynolds v. State*, 14 Ohio St.3d 68, 70 (1984). The doctrine of discretionary immunity "has been applied to immunize the state from liability for discretionary decisions such as whether or not to install a traffic signal at an intersection, [and] what type of traffic signal to install." (Citations omitted.) *Young v. Univ. of Akron*, 10th Dist. No. 06AP-1022, 2007-Ohio-4663, ¶ 14.

{¶ 14} Ruppe averred that the decision whether to install a guardrail at a particular site is a matter of engineering judgment inasmuch as an improperly positioned or installed guardrail can constitute a roadside hazard in and of itself. (Defendants' Exhibit A, ¶ 6.) The court finds that such a decision was an exercise of an executive or planning function that involved the making of a basic policy decision which was characterized by the exercise of a high degree of official judgment or discretion. Consequently, ODOT cannot be held liable to plaintiff for any harm arising from such exercise of its decision-making authority.

{¶ 15} In light of the standard of review, the court finds that the only reasonable conclusion to be drawn from the undisputed evidence is that defendants did not have a duty either to reconstruct the overpass or to install guardrails in front of the overpass

abutment.  Consequently, there are no genuine issues of material fact for trial and defendants are entitled to judgment as a matter of law.

{¶ 16} Accordingly, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants.  All previously scheduled events are VACATED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Gina M. Piacentino                     Kristin S. Boggs
198 East Center Street                 Paula Luna Paoletti
Marion, Ohio 43302                     William C. Becker
                                       Assistant Attorneys General
                                       150 East Gay Street, 18th Floor
                                       Columbus, Ohio 43215-3130

Stephen J. Brown
326 North Court Street
Medina, Ohio 44256-1868

004
Filed April 1, 2013
To S.C. Reporter August 22, 2013