[Cite as *Niekamp v. Ohio Dept. of Natural Resources*, 2023-Ohio-3162.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHRISTOPHER NIEKAMP | Case No. 2022-00637AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF NATURAL RESOURCES | |
| Defendant | |

{¶1} Christopher Niekamp ("plaintiff") filed this claim against Ohio Department of Natural Resources ("ODNR"). Plaintiff asserted that in May 2022, ODNR caused damage to eleven acres of his corn fields by the operation of a dredged material relocation area ("DMRA") in Auglaize County, Ohio. Plaintiff stated that the water ODNR was pumping at the DMRA was running over the dam into his farmland which caused flooding. Plaintiff asserted that he contacted ODNR employee Dan Gillis on June 8, 2022, and that during this conversation, Mr. Gillis stated that the dam was leaking in several areas and ODNR intended to stop dredging operations. Plaintiff attached several photos of the area to his complaint as well as an email from a Certified Crop Adviser which states that as of June 23, 2022, at least some of plaintiff's corn plants appeared to have stunted growth from excessive moisture. Originally, plaintiff claimed damages in the amount of $13,263.25, however, the March 17, 2023, entry by Magistrate Scott Sheets transferring the case to the court's administrative docket, amended plaintiff's complaint to reduce his prayer amount to $10,000.00, in accordance with the parties' agreement. Plaintiff submitted the $25.00 filing fee. Plaintiff maintains crop insurance but stated that this only covers acts of God.

{¶2} ODNR submitted an investigation report denying liability for the damage to plaintiff's crops.[1] Defendant asserted that the photos attached to plaintiff's complaint do

---

[1] Defendant's June 8, 2023 motion for leave to file exhibits to its investigation report is GRANTED, instanter.

not show a flow of water or material out of the DMRA or a hydrologic connection between the water in plaintiff's fields and the DMRA. Defendant pointed out that no water or soil testing was performed to determine that the water in plaintiff's fields came from the DMRA.

{¶3} ODNR attached an affidavit from Dan Gillis, the Equipment Maintenance Superintendent of the West Dredge Operation to its investigation report. Mr. Gillis stated that he was tasked with managing the dredge operations at the DMRA. Mr. Gillis averred that dredging did not start until April 6, 2022, and ended June 8, 2022. Mr. Gillis stated that he observed the conditions of the DMRA and the adjacent fields during excavation in March; he observed that plaintiff's field had standing water then, before dredging operations began. Mr. Gillis averred that during dredging, water height was kept 6-12 inches from the top of the bank and water was drained down overnight which did not allow water to spill over the top of the bank. Mr. Gillis averred that:

> The DMRA was constructed to ensure positive drainage from south to north towards Grand Lake St. Marys. At the north end of the DMRA, we installed a spillway/drain with stop logs that allowed us to draw down or drain water from the DMRA quickly. Water flows north through a settling basin and then back to the lake. Gillis affidavit, ¶ 6.

{¶4} Finally, Mr. Gillis stated that May was the second rainiest month of the year in Auglaize County. Mr. Gillis' affidavit included several exhibits including a photo of plaintiff's field from March 10, 2022, showing standing water and a photo of plaintiff's field from July 6, 2022, showing standing water.

{¶5} ODNR asserted that plaintiff failed to present evidence to support his damages claim, namely that he would have obtained an average yield, that he would have harvested the corn within an anticipated time frame, and the price he would have received for his corn. Defendant also stated that plaintiff failed to provide any evidence of his prior business records to prove his damages.

{¶6} ODNR included several photos of the DMRA and plaintiff's fields in defendant's exhibit 3. Finally, ODNR asserted that plaintiff did not provide evidence that

his loss was not covered by insurance. Thus, ODNR concluded that plaintiff failed to prove that he suffered any economic loss as a result of negligence on the part of defendant.

{¶7} Plaintiff submitted a response to defendant's investigation report.[2] Plaintiff asserted that his field received average rainfall between May 2022 and June 2022, which would not damage corn crops. Plaintiff provided a USDA County Estimate for 2022, which shows that the average yield for Auglaize County for corn was 197.2 bushels per acre. Based on a chart provided by Mercer Landmark, plaintiff asserted that he would have received $7.13 per bushel for the corn. Plaintiff provided a Production Report from ProAg which shows that his fields produced an average of 157 bushels per acre. Based on the fact that his fields produced a lower average than the Auglaize County average, plaintiff asserted that he has incurred damages for the lost crops. Finally, plaintiff asserted that these damages were caused by ODNR negligence in the operation of the DMRA.

{¶8} To prevail upon a claim of negligence, plaintiff must prove by a preponderance of the evidence that ODNR owed him a duty, that ODNR's acts or omissions resulted in a breach of that duty, and that the breach proximately caused plaintiff's damages. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088 ¶ 8, citing *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77 472 N.E.2d 707 (1984).

{¶9} The court finds that ODNR owed plaintiff a duty to operate the DMRA reasonably and in accordance with standard industry practices. Based on the affidavit of Dan Gillis, ODNR has not breached this duty. Plaintiff was unable to produce evidence which would support a finding that ODNR has breached its duty to plaintiff. Even if the court were to find that ODNR breached its duty, plaintiff was unable to prove that the damages to his crops were proximately caused by ODNR's actions because ODNR produced evidence that plaintiff's fields were experiencing standing water before dredging operations began. Therefore, the court concludes that plaintiff has failed to prove, by a

---

[2] Plaintiff's June 12, 2023 motion for an extension of time to file his response to defendant's investigation report is GRANTED, instanter.

preponderance of the evidence, that there is a causal connection between defendant's operation of the DMRA and the flooding on his property.

{¶10}  For the reasons stated herein, plaintiff's negligence claim against ODNR fails.  Judgment shall be rendered in favor of defendant.

| | |
|---|---|
| CHRISTOPHER NIEKAMP<br><br>    Plaintiff<br><br>    v.<br><br>OHIO DEPARTMENT OF NATURAL RESOURCES<br><br>    Defendant | Case No. 2022-00637AD<br><br>Deputy Clerk Holly True Shaver<br><br>ENTRY OF ADMINISTRATIVE DETERMINATION |

{¶11}  Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

HOLLY TRUE SHAVER
Deputy Clerk

Filed 8/2/23
Sent to S.C. Reporter 9/7/23